**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**6** Valuation of Security          **0** Assumption of Executory Contract or Unexpired Lease          **0** Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:     **Cynthia B Palmer**

Case No.:      **18-12783**

Judge:      **Hon. Kathryn C. Ferguson, USBJ**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☑ Original
☑ Motions Included

☐ Modified/Notice Required
☐ Modified/No Notice Required

Date:      **2/13/2018**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney   **JMG**          Initial Debtor:   **CBP**          Initial Co-Debtor  _____

1

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay  __500.00  Monthly__  to the Chapter 13 Trustee, starting on  __March 1, 2018__  for approximately **6** months, and then  __1,500.00  Monthly__  to the Chapter 13 Trustee, starting on  __August 1, 2018__  for approximately **54** months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

  ☑     Future Earnings

  ☑     Other sources of funding (describe source, amount and date when funds are available):**Federal Tax Debt owed by Debtor through businesses to be addressed by business entities outside Plan.**

c.  Use of real property to satisfy plan obligations:

  ☐     Sale of real property
        Description:
        Proposed date for completion:     _____

  ☐     Refinance of real property:
        Description:
        Proposed date for completion:     _____

  ☑     Loan modification with respect to mortgage encumbering property:
        Description:**Debtor's Residence, 7 Traci Lane, Piscataway, NJ 08854**
        Proposed date for completion:     **9/30/2018**

d.  ☑     The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☑     Other information that may be important relating to the payment and length of plan: **Current payment proposal is $3,500.00 based on information received to date.**

## Part 2:  Adequate Protection      ☒ NONE

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Internal Revenue Service (IRS)** | **Taxes and certain other debts** | **23,618.00** |
| **Internal Revenue Service (IRS)** | **Taxes and certain other debts** | **42,113.74** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

2

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Bank Of America** | **7 Traci Lane Piscataway, NJ 08854  Middlesex County** | **350,000.00** | **0.00** | **6,000.00 Distributions pending loan modification** | **3,500.00** |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **Bank Of America** | **7 Traci Lane Piscataway, NJ 08854** | **Unknown/Disputed** | **425,000.00** | **859,125.06** | **0.00** | **N/A** | **0.00** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **42,113.74** | **0.00** | **None** | **No value** | **N/A** | **0.00** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **34,140.98** | **0.00** | **None** | **No value** | **N/A** | **0.00** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **2,645.95** | **0.00** | **None** | **No value** | **N/A** | **0.00** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **19,879.65** | **0.00** | **None** | **No value** | **N/A** | **0.00** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **17,132.08** | **0.00** | **None** | **No value** | **N/A** | **0.00** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **15,469.34** | **0.00** | **None** | **No value** | **N/A** | **0.00** |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Internal Revenue Service (IRS) (Secured federal tax liens based on business liability)**

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Bank Of America** | **7 Traci Lane Piscataway, NJ 08854 Middlesex County** | **0.00** |

**Part 5: Unsecured Claims** ■ **NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $_____ to be distributed *pro rata*

☐ Not less than ___ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 6: Executory Contracts and Unexpired Leases** ☒ **NONE**

4

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions        ■ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **TD/Target National Bank** | **7 Traci Lane Piscataway, NJ 08854** | **Judicial DJ-0082442-12** | 4,730.07 | 425,000.00 | 0.00 11 U.S.C. § 522(d)(1) Liens exceed value | 859,125.06 | 4,730.07 |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Bank Of America** | **7 Traci Lane Piscataway, NJ 08854 Middlesex County** | **Unknown Disputed** | 425,000.00 | **Mortgage Bank Of America - 859,125.06** | 0.00 | **Full Amount of Lien** |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | 42,113.74 | 0.00 | **None** | 0.00 | 42,113.74 |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | 34,140.98 | 0.00 | **None** | 0.00 | 34,140.98 |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | 2,645.95 | 0.00 | **None** | 0.00 | 2,645.95 |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | 19,879.65 | 0.00 | **None** | 0.00 | 19,879.65 |
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | 17,132.08 | 0.00 | **None** | 0.00 | 17,132.08 |

5

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Internal Revenue Service (IRS)** | **Federal Tax Lien** | **15,469.34** | **0.00** | **None** | **0.00** | **15,469.34** |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

    The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

    a. **Vesting of Property of the Estate**
       ☑  Upon Confirmation
       ☐  Upon Discharge

    b. **Payment Notices**
    Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

    The Standing Trustee shall pay allowed claims in the following order:
       1)   Ch. 13 Standing Trustee Commissions
       2)   **Other Administrative Claims**
       3)   **Secured Claims**
       4)   **Lease Arrearages**
       5)   **Priority Claims**
       6)   **General Unsecured Claims**

    d. **Post-Petition Claims**

    The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification    ☒ NONE

    If this Plan modifies a Plan previously filed in this case, complete the information below.
    Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes     ☐ No

## Part 10 :  Non-Standard Provision(s): Signatures Required

    Non-Standard Provisions Requiring Separate Signatures:
    ☐ NONE

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

☑ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $200.00 per month for 6 months, then $1,500.00 per month for 54 months**
**Federal Tax Debt owed by Debtor through businesses to be addressed by business entities outside Plan.**
Any non-standard provisions placed elsewhere in this plan are void.

   The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

   I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date   **February 12, 2018**          **/s/ Justin M. Gillman, Esq.**
                                       **Justin M. Gillman, Esq.**
                                       Attorney for the Debtor
Date:  **February 12, 2018**          **/s/ Cynthia B Palmer**
                                       **Cynthia B Palmer**
                                       Debtor
Date:  _____               _____
                                       Joint Debtor

## Signatures

   The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date   **February 12, 2018**          **/s/ Justin M. Gillman, Esq.**
                                       **Justin M. Gillman, Esq.**
                                       Attorney for the Debtor

   I certify under penalty of perjury that the above is true.

Date:  **February 12, 2018**          **/s/ Cynthia B Palmer**
                                       **Cynthia B Palmer**
                                       Debtor
Date:  _____               _____
                                       Joint Debtor

7

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-12783-KCF
Cynthia B Palmer                                                          Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3            User: admin              Page 1 of 2            Date Rcvd: Mar 19, 2018
                               Form ID: pdf901          Total Noticed: 25


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 21, 2018.
db            +Cynthia B Palmer,   7 Traci Lane,   Piscataway, NJ 08854-5422
517330020     +Amex,   Po Box 297871,   Fort Lauderdale, FL 33329-7871
517330019     +Amex,   Correspondence,   Po Box 981540,   El Paso, TX 79998-1540
517330021     +Atlantic Federal Cred,   37 Market St,   Kenilworth, NJ 07033-1761
517330022     +Bank Of America,   4909 Savarese Cir,   Tampa, FL 33634-2413
517330024     +Citibank/The Home Depot,   Po Box 6497,   Sioux Falls, SD 57117-6497
517330025      Equifax,   P.O. Box 740241,   Atlanta, GA 30374-0241
517330026     +Experian,   475 Anton Blvd,   Costa Mesa, CA 92626-7037
517330028     +Kivitz McKeever Lee, PC,   701 Market Street,   Suite 500,   Philadelphia, PA 19106-1538
517330029     +Lyons, Doughty & Veldhuis, P.C.,   136 Gaither Drive, Suite 100,   P.O. Box 1269,
               Mount Laurel, NJ 08054-7269
517330030     +Middlesex County Sheriff's Office,   701 Livingston Ave.,   P.O. Box 1188,
               New Brunswick, NJ 08903-1188
517330031     +Nissan Motor Acceptanc,   Po Box 660360,   Dallas, TX 75266-0360
517330032     +Specialized Loan Servicing,   8742 Lucent Blvd,   Highlands Ranch, CO 80129-2386
517330033     +State of New Jersey Division of Taxation,   Revenue Processing Center,   PO Box 111,
               Trenton, NJ 08645-0111
517330038     +TD/Target National Bank,   3901 West 53rd Street,   Sioux Falls, SD 57106-4221
517330039      TransUnion,   P.O. Box 2000,   Crum Lynne, PA 19022

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Mar 19 2018 23:54:19     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Mar 19 2018 23:54:16     United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
517330017     +E-mail/Text: ally@ebn.phinsolutions.com Mar 19 2018 23:53:31     Ally Financial,
               Attn: Bankruptcy,   Po Box 380901,   Bloomington, MN 55438-0901
517330018     +E-mail/Text: ally@ebn.phinsolutions.com Mar 19 2018 23:53:31     Ally Financial,
               200 Renaissance Ctr,   Detroit, MI 48243-1300
517330027      E-mail/Text: cio.bncmail@irs.gov Mar 19 2018 23:53:53     Internal Revenue Service (IRS),
               Department of Treasury,   P.O. Box  7346,   Philadelphia, PA 19101-7346
517330034     +E-mail/PDF: gecsedi@recoverycorp.com Mar 19 2018 23:52:02     Synchrony Bank/Care Credit,
               Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517330035     +E-mail/PDF: gecsedi@recoverycorp.com Mar 19 2018 23:50:48     Synchrony Bank/Care Credit,
               C/o Po Box 965036,   Orlando, FL 32896-0001
517330037     +E-mail/PDF: gecsedi@recoverycorp.com Mar 19 2018 23:52:03     Synchrony Bank/Project Line,
               C/o Po Box 965036,   Orlando, FL 32896-0001
517330036     +E-mail/PDF: gecsedi@recoverycorp.com Mar 19 2018 23:50:48     Synchrony Bank/Project Line,
               Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
                                                                              TOTAL: 9


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517330023*    +Bank Of America,   4909 Savarese Cir,   Tampa, FL 33634-2413
                                                                        TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2018                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 16, 2018 at the address(es) listed below:
              Albert  Russo   docs@russotrustee.com
              Justin M Gillman   on behalf of Debtor Cynthia B Palmer abgillman@optonline.net,
              r47252@notify.bestcase.com

District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Mar 19, 2018
                             Form ID: pdf901           Total Noticed: 25


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Rebecca Ann Solarz   on behalf of Creditor   Manufacturers and Traders Trust Company also known
               as M&T Bank, successor by merger to Hudson City Savings Bank, FSB rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 4