**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> CYNTHIA B. PALMER, <br><br> Debtor. | Chapter 13 <br><br> Case No. 18-12783-KCF <br><br> Judge Kathryn C. Ferguson <br><br> **Hearing Date: Sept. 26, 2018** <br> **Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION
OF DEBTOR'S MODIFIED CHAPTER 13 PLAN**

> ATTENTION DEBTOR'S COUNSEL:
> FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN
> IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN
> RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS
> OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE
> APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL
> INSTEAD RELY ON THIS WRITTEN OBJECTION.

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Modified Chapter 13 Plan (the "Plan") [ECF Doc No. 19]. In

support thereof, the Service respectfully represents as follows:

## OBJECTION

### A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

1. With respect to the Service's Secured Claim of $8,036.40 (which is calculated based on the value of the Debtor's scheduled ***personal*** property), the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for full payment post-confirmation interest. Here, the Plan fails to provide for any payment of the Secured Claim and instead proposes to reclassify the Secured Claim as wholly unsecured. *See* Plan, Parts 4 & 7; Claim No. 1. This deficiency renders the Plan unconfirmable. The Plan also improperly fails to calculate (and provide for payment of) post-confirmation interest on the Service's Secured Claim. 11 U.S.C. § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of post-confirmation interest on secured claims). The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%) applies to deferred payments of federal taxes. 11 U.S.C. § 511(a).

### B. The Plan is Not Confirmable with Respect to the Service's Priority Claim

2. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in

2

deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan provides for significantly less than full payment of the Service's Priority Claim of $224,470.94. Plan, Parts 1 & 3 (improperly proposing to pay overwhelming majority of the Service's Priority Claim outside of the Plan); Claim No. 1. Because the Service does not consent to less than full payment of its Priority Claim through the Plan, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: September 11, 2018

                                                CRAIG CARPENITO
                                                United States Attorney

                                                */s/ Eamonn O'Hagan*
                                                EAMONN O'HAGAN
                                                Assistant U.S. Attorney

                                                *Attorneys for the*
                                                *United States of America*